UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No.: 8:20-cr-25-CEH-SPF

MICHLER GABRIEL
_____/

**ORDER**

This cause comes before the Court upon the Report and Recommendation filed by United States Magistrate Judge Sean P. Fynn (Doc. 76). In the R&R, Magistrate Judge Flynn recommends denying Defendant Michler Gabriel's Motion to Suppress Evidence Following a Warrantless Search and denying his Motion to Suppress September 26, 2019 Post-Arrest Statements. Doc. 76 at 19.

All parties were furnished copies of the R&R and were afforded the opportunity to file objections, in accordance with 28 U.S.C. § 636(b)(1). Defendant Michler Gabriel objects to the Magistrate Judge's Report and Recommendation (Doc. 77), to which the Government responds (Doc. 83). Upon consideration of the R&R and this Court's independent examination of the file, the Court will overrule Gabriel's objections and adopt the R&R.

**DISCUSSION**

**A. Factual and Procedural Background**

On January 22, 2020, a federal grand jury in the Middle District of Florida returned an indictment that charged Michler Gabriel with one count of violating 18

U.S.C. §§ 922(g)(1) and 924(e).[1] Doc. 1 at 1–3. The Magistrate Judge held an evidentiary hearing to resolve the pending motions. *See* Doc. 56. During the hearing, the Magistrate Judge accepted numerous exhibits into evidence and heard testimony from Tampa Police Department Officers Kevin Laren and Theodore Burnley, and from Kristen Kosits, and Tirana Sterling. Following the hearing, the Magistrate Judge issued the R&R (Doc. 76).

### B. Objections

Gabriel objects only to the Magistrate Judge's recommendation for the Court to deny the Motion to Suppress Evidence, and he asks this Court to conduct an independent evidentiary hearing. Doc. 77 at 2. In his limited objection, he argues that the Magistrate Judge "disregarded" the factual dispute created by the differences between the police officers' testimony and Kosits's testimony in finding Kosits's testimony unreliable. *Id.* at 6–7. He also asserts that the Magistrate Judge "disregarded" Kosits's November 14, 2019 recorded statement. *Id.* And he claims that the Magistrate Judge "did not resolve" the inconsistency between Officer Laren's testimony that Kosits could not find someone to pick up her vehicle and the testimony that Kosits easily found someone to pick her up from the scene. *Id.*

---

[1] The Government filed a superseding information on December 6, 2021, which charges Gabriel with one count of knowingly possessing a stolen firearm that was shipped and transported in interstate commerce while knowing and having reasonable cause to believe that the firearm was stolen in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). Doc. 89 at 1. Gabriel has entered into a plea agreement to plead guilty to Count One of the Superseding Information, Doc. 92 at 1, but the Court has not yet accepted the plea, *see* Doc. 93.

In response, the Government argues that the Court should not disturb the Magistrate Judge's credibility analysis because the Magistrate Judge listened to, and saw, Kosits's testimony. Doc. 83 at 5. The Government also contends that even when crediting Kosits's testimony, Gabriel's argument still fails because the police officers followed department policy when deciding to impound the vehicle, as Kosits was inebriated and nobody was on scene to take the vehicle. *Id.* at 5–6.

### C. Legal Standard

A magistrate judge may submit proposed findings of fact and recommendations for an Article III judge's disposition. 28 U.S.C. § 636(b)(1)(B). When a party makes a timely and specific objection to a magistrate judge's report and recommendation, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1)(C); *see also* Fed. R. Crim. P. 59(b)(3). In the absence of specific objections, the district judge need not review factual findings *de novo. Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993). The district judge must review legal conclusions *de novo. See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Sch. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019). The district judge may accept, reject, or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(3).

**D. Analysis**

The Court will overrule the Objections. This Court has reviewed the transcript from the evidentiary hearing. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("To the extent that the magistrate has made findings of fact based upon the testimony of the witnesses heard before the magistrate, the district court is obligated to review the transcript or listen to the tape-recording of those proceedings."). At the hearing, Officer Laren testified that he afforded Kosits an opportunity for someone to pick up her vehicle from the scene after he determined that she could not drive because she was intoxicated. Doc. 61 at 16:8–13. According to Officer Laren, Kosits responded that she would not be able to find someone because the time was 2:00 a.m. *Id.* at 16:14–16, 48:10–16. Officer Burnley testified that he overheard Officer Laren afford Kosits an opportunity for someone to pick up her vehicle, although he did not hear Kosits's response. *Id.* at 68:17–25, 69:1–5, 14–20. Because Gabriel was under arrest, Kosits was too intoxicated to drive, the vehicle was in the middle of 40th Street, and the officers could not find anyone else to take the vehicle, they decided to impound the vehicle, which resulted in the inventory search. *Id.* at 16:17–25, 17:1–9. On the other hand, Kosits testified that she did not recall anybody asking her to find someone to move her car. *Id.* at 95:20–22. She also testified that, after the officers arrested Gabriel, an officer who wore gloves approached the passenger-side window, removed her from the vehicle, handcuffed her, and searched the vehicle. *Id.* at 94:4–18, 95:11–19. The Magistrate Judge found Kosits's testimony and recollection of the events incomplete and unreliable. Doc. 76 at 4, 5 n.3.

The Court agrees with the Magistrate Judge's credibility determinations for the officers and Kosits. In finding Kosits's testimony and recollection incomplete and unreliable, the Magistrate Judge observed that Kosits had difficulty focusing and maintaining eye contact during the hearing. *Id.* at 4. The Magistrate Judge also observed that, at times, Kosits paused for abnormal amounts of time, shifted in her seat, and gazed around the courtroom before answering questions. *Id.* Additionally, the Magistrate Judge highlighted Kosits's numerous concessions about her inability to recall events from the night of Gabriel's arrest. Doc. 76 at 4. For example, Kosits admitted that she was "highly intoxicated" that night and could remember only "bits and pieces" of the traffic stop. Doc. 61 at 82:8–10, 89:22–24. She acknowledged that she was not "exactly in [her] right mind" that night because she had consumed "a significant amount of alcohol" and "some ecstasy pills." *Id.* at 86:6–14. She also could not remember the order of events during the night. *Id.* at 88:2–4.

"Credibility determinations are typically the province of the fact finder because the fact finder personally observes the testimony and is thus in a better position than a reviewing court to assess the credibility of witnesses." *United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002). In assessing the credibility of the witnesses, the Magistrate Judge observed their testimony, their demeanor, and interests in testifying, as well as consistencies and inconsistencies in testimony. The record does not reveal any basis for overturning the Magistrate Judge's credibility determinations. *See id.* at 749 ("[I]n evaluating the factual version of events . . . we should defer to the magistrate judge's determinations unless his understanding of the facts appears to be

5

'unbelievable.'"). Instead, a review of the transcript demonstrates that the Magistrate Judge's understanding of the facts is believable and that the testimony supports the Magistrate Judge's credibility determinations. In addition to the Magistrate Judge's observations of her behavior, Kosits repeatedly acknowledged problems recalling events from the night of Gabriel's arrest. Although Gabriel contends that the Magistrate Judge disregarded Kosits's recorded statement, which was admitted into evidence at the hearing, he fails to point to any portion of the recorded statement, explain why the recorded statement was "highly credible," or argue why the recorded statement warrants overturning the Magistrate Judge's credibility determinations. Doc. 77 at 7. In her recorded statement, Kosits explained, among other things, that she was "shit-faced" when the officers arrested Gabriel, that the officers told her to find a ride, and that the officer searching her vehicle did not give her a "straight answer" as to why he searched the vehicle. Doc. 59-14 at 3, 6–7. The representations are consistent with Kosits's testimony before the Magistrate Judge. But the Magistrate Judge found Kosits's testimony unreliable. Nothing in the recorded statement warrants a departure from the Magistrate Judge's credibility determinations. Because the Court agrees with the Magistrate Judge's credibility determinations, the Court need not hold an evidentiary hearing. *See United States v. Cofield*, 272 F.3d 1303, 1305–06 (11th Cir. 2001) (citing *United States v. Raddatz*, 447 U.S. 667, 675–76 (1980)).

Even if the Court credits Kosits's testimony, Gabriel's objections fail. The Tampa Police Department's "Utilization of Wreckers and Impoundment of Vehicle" policy provides, in relevant part:

6

> III. <u>VEHICLE IMPOUND POLICY</u>: Officers are frequently faced with the responsibility of protecting privately owned vehicles and the contents thereof in a variety of contexts including traffic accidents, recovered stolen vehicles, driver arrests, vehicles seized as evidence, etc. Proper disposition depends on the nature of the law enforcement interest in the vehicle and the circumstances of each individual situation.
>
> . . . .
>
> C. In DUI arrest cases and in all cases where the mental capacity of the vehicle owner is questionable due to alcohol or drug consumption or any other reason, the owner will be presumed to be incapable of making a legally competent decision concerning the disposition of the vehicle and **all** such vehicles will be impounded.
>
> D. Whenever a vehicle driver is arrested or otherwise incapacitated, if there is no reason for continuing law enforcement interest in the vehicle and the vehicle is otherwise fully in compliance with Florida Law, with the competent consent of the owner, the vehicle may be released to a licensed and legal driver who is **on scene**. Officers will not call or await the arrival of remote persons as an alternative to impounding the vehicle.

Doc. 83 at 4; Doc. 83-1 at 1–2 (emphasis in original) (internal footnote omitted).

In construing the policy above alongside another policy, the Magistrate Judge correctly found that Kosits did not request for someone to move her vehicle but, even if she had, nobody was "on scene" to pick up the vehicle. Doc. 76 at 13 n.6. Kosits admitted that she was intoxicated during the night of Gabriel's arrest. As such, Kosits, as the vehicle's owner, was "presumed to be incapable of making a legally competent decision" concerning the vehicle, and the vehicle was subject to impound. Doc. 83-1 at 2. Even if Kosits knew people nearby who could pick up her vehicle, the above policy specifies that officers may release the vehicle to a licensed and legal driver who is on the scene. Even when crediting Kosits's testimony, nobody was on scene to take

her vehicle. Thus, the Magistrate Judge did not need to "resolve" any perceived inconsistency between Officer Laren's testimony that Kosits could not find someone to pick up her vehicle and the testimony that she easily found someone to pick her up from the scene because nobody was on scene to pick up the vehicle. The Court agrees with the Magistrate Judge's analysis.

Accordingly, it is **ORDERED**:

1. Defendant Gabriel's Objections to Report and Recommendation (Doc. 77) are **OVERRULED**.

2. The Report and Recommendation of Magistrate Judge Sean P. Flynn (Doc. 76) is **ADOPTED**, **CONFIRMED**, and **APPROVED** in all respects and is made a part of this order for all purposes, including appellate review.

3. Defendant Michler Gabriel's Motion to Suppress Evidence Seized Following a Warrantless Search (Doc. 23) is **DENIED**.

4. Defendant Michler Gabriel's Motion to Suppress September 26, 2019 Post-Arrest Statements (Doc. 24) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on December 17, 2021.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any